IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              CASE NO. 14-09533 (ESL)

CARLOS JAVIER LOPEZ LOPEZ                            CHAPTER 13
NIMARIS AIZA MARQUES TORRES

      Debtor

OPINION AND ORDER

This case is before the court upon the motion requesting order filed by the Debtors (dkt. #42) and the opposition thereto filed by Firstbank Puerto Rico ("Firstbank") (dkt. #43).  Debtors pray the court to determine that the value of the property given as collateral to Firstbank is $185,000 and that Firstbank is an unsecured creditor with a dischargeable claim (See dkt. #20). Firstbank alleges that the motion that commenced this issue, the motion to set value and determine the secured status of Firstbank should be presented as an adversary proceeding under Rule 7001(2) of the Fed. R. Bankr. P.

On July 2, 2015 the court ordered the Debtors to reply to Firstbank's legal arguments within 14 days.  The Debtors were also ordered to address the applicability of the recent decision by the Supreme Court of the United States in Bank of America v. Caulkett, 135 S.Ct. 1995 (2015), to Chapter 13 cases. The Debtors filed their reply on July 30, 2015.  After considering Debtors' reply and the motions filed by both the Debtors and Firstbank, the court concludes that the motion for valuation filed by the Debtors may be presented as a contested matter through a motion and that the Supreme Court's decision in Caulkett is not applicable to chapter 13 cases.

A motion to value collateral and to determine the secured status of a claim is based on the value of the property given as collateral and may be presented to the court as a contested

-1-

matter through a motion pursuant to Fed. R. Bankr. P. 3012 and §506(a) as the lien itself is not in dispute, and its disallowance as an allowed secured claim is the result of determining the claim in light of the value of the property given as collateral. The basic procedural due process requirement is that there be due notice and opportunity for a hearing. See 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 3012. An adversary proceeding under Fed. R. Bankr. P. 7001 is not necessary unless the validity of the lien itself is in dispute.

After considering the argument by Debtors' counsel, the court concludes that the decision in Bank of America, N.A. v. Caulkett, 135 S. Ct. 1995 (June 1, 2015), is limited to Chapter 7 bankruptcy proceedings, that is, a debtor in a Chapter 7 case may not "void a junior mortgage under § 506(d) when the debt owed on a senior mortgage exceeds the present value of the property." In chapter 13 cases the stripping down of an under-secured lien is not allowed when the collateral is the debtor's residence. 11 U.S.C. §1322(b) (2). However, the exception does not apply when the junior lienholder is totally unsecured. The court adopts the rationale of the following decisions in the chapter 13 context: In re Boukatch, 533 B.R. 292 (9th Cir. BAP 2015); In re Ricci-Breen, 2015 WL 5156617 (Bkrtcy. S.D.N.Y.); In the matter of Osbourn, 2015 WL 5604442 (Bkrtcy. D. Neb.); In re Grossman, 2015 WL 3932381 (Bkrtcy. D. Puerto Rico) (Tester, BJ). Notwithstanding, although a wholly unsecured junior mortgage lien over a debtor's principal residence is not protected by the antimodification statute [11 U.S.C. §1322(b) (2)], the debtor is not entitled to an order voiding the lien prior to completion of all payments under the plan. In re Cruz Rodriguez, 517 B.R. 404 (Bankr. D. Puerto Rico 2015) (Lamoutte, BJ). See also In the matter of Blendheim, 2015 WL 5730015 (C.A. 9, Wash).

<u>Conclusion</u>

In view of the foregoing, the court finds that: The value of the property is $185,000; the senior lienholder, Banco Popular de Puerto Rico, has an allowed secured claim in the amount of

$325,389.49; Firstbank and Asociación de Residentes Estancias La Sierra, Inc., as junior lienholders, are unsecured claimants.

SO ORDERED.

In San Juan, Puerto Rico, this 8th day of October, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge